Sylvanna Uyen Le, Esq. (SBN 325779)
Law Offices of Robert S. Gitmeid & Associates, PLLC
2007 ½ South Sherbourne Drive
Los Angeles, CA 90034
Tel: (212) 226-5081
Fax: (866) 249-1137
Email: sylvanna.l@gitmeidlaw.com
*Attorney for Plaintiff James Lanier*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| James Lanier**,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>Navy Federal Credit Union and Equifax Information Services, LLC<br><br>　　　　Defendant(s). | **Case No.**<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1682 *et seq*]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff by and through his attorney of record, and hereby files this complaint and alleges as follows:

### **I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### **II. JURISDICTION**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and

15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because all defendants are residents of the state of California. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to the plaintiff's claims occurred in California where the plaintiff resides.

### III. PARTIES

4. Plaintiff James Lanier (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Twentynine Palms, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Defendant Navy Federal Credit Union ("NFCU") was and is at all relevant times herein, a corporation organized and existing under the laws of Virginia, maintains its executive offices at 820 Follin Lane SE, Vienna, Virginia 22180, and does business throughout the country and in the state of California. NFCU is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

6. Defendant Equifax is a limited liability company, doing business throughout the country and in the state of California. Defendant Equifax is a "consumer reporting agency" ("CRA") as defined in Section 1681a(f) of the FCRA. Equifax is one of the largest CRAs in the world.

### IV. FACTS

7. Defendant NFCU issued a credit card ending in 9274 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. On or about January 17, 2019, Plaintiff and Silverman Theologou, LLC, on behalf of NFCU, entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

10. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $8,600.00 to settle and close his NFCU account.

11. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment. Redacted proof of this payment is attached hereto as **Exhibit A.**

12. However, over half a year later, Plaintiff's NFCU account continued to be negatively reported.

13. In particular, on a requested credit report dated November 25, 2019, Plaintiff's NFCU account was reported with a status of "CHARGE OFF", a balance of $6,869.00, and a past due balance of $6,869.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B**.

14. This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

15. On or about November 26, 2019, Plaintiff, via counsel, sent a dispute letter to Defendants requesting the trade line to be corrected. A redacted copy of this dispute letter with certified mail receipts are attached hereto as **Exhibit C.**

16. Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by NFCU to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

17. In January 2020, Plaintiff requested an updated credit report from Equifax. The trade line for the NFCU account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the January 2020 credit report is attached herein as **Exhibit D**.

18. Equifax did not notify NFCU of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify NFCU and NFCU failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit report.

19. If NFCU did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's NFCU account would be updated to reflect a 'settled' status with a balance of $0.00.

20. NFCU has promised through its subscriber agreements or contracts to accurately update accounts, but NFCU has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit report.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA. These violations occurred before, during, and after the dispute process began.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## STATEMENT OF CLAIM
(Fair Credit Reporting Act)

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. NFCU is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

26. Plaintiff notified all defendants directly of a dispute on the NFCU account's completeness and/or accuracy, as reported.

27. NFCU failed to update Plaintiff's credit report and/or notify the credit bureaus that the NFCU account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

28. NFCU failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff or the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

29. NFCU failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

30. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

31. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

32. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

33. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF PRAYS that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: February 7, 2020                    Law Offices of Robert S. Gitmeid & Assoc., PLLC

*/s/ Sylvanna Uyen Le, Esq.*
Sylvanna Uyen Le, Esq. (SBN 325779)
*Attorney for Plaintiff James Lanier*

Email: sylvanna.l@gitmeidlaw.com